MAY, J.
The defendant appeals his conviction and life sentence for first-degree murder and robbery with a deadly weapon. He argues the trial court erred in four ways: (1) admitting part of his statement; (2) finding no discovery violation; (8) overruling his objection to the prosecutor’s comment on the co-defendant’s plea; and (4) not declaring a mistrial when a juror experienced emotional difficulty during deliberations. We find no error, but write to compliment the trial court on it's handling of the juror issue.
The State charged the defendant and a co-defendant with the robbery and shooting death of the victim. Among other issues, the defendant claims the trial court erred in denying his motion for mistrial because the court’s comments to a juror during a time in which she experienced some emotional difficulty coerced her into finding him guilty. The State responds that there was no coercion, and that the trial court correctly handled the issue. We agree with the State.
“There is a tension between the trial judge’s obligation to the justice system to shepard [sic] a case to its final resolution and a defendant’s right to have a jury verdict free of that coercion which might compel a juror to ‘reach a hasty decision or to abandon a conscientious belief.’ ” Washington v. State, 758 So.2d 1148, 1154 (Fla. 4th DCA 2000) (quoting Thomas v. State, 748 So.2d 970, 976 (Fla. 1999)). To prevent coercion, “ ‘[n]othing should be said ... that would or could likely influence the decision of a single juror to abandon his conscientious belief as to the correctness of his position.’ ” Nelson v. State, 438 So.2d 1060, 1062 (Fla. 4th DCA 1983) (quoting Lee v. State, 239 So.2d 136, 139 (Fla. 1st DCA 1970)).
During jury deliberations, a juror left the jury room and appeared upset. Defense counsel objected to questioning the juror and moved for mistrial. The trial court overruled the objection and inquired as to whether the juror could continue with the deliberations. The juror first indicated that she did not know if she could continue. The judge then asked if she needed more time to think about it, and the juror responded that she could continue with deliberations. The judge did not pressure her into giving an answer; he gave the juror an opportunity to continue, which she accepted.
In this unique situation, the trial court properly determined, without influencing or pressuring the juror, that she could continue deliberating. We see no error and affirm.

Affirmed.

TAYLOR and FORST, JJ., concur.